UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SHERMAN JAMES NICKERSON** | **CIVIL ACTION NO. 08-0013** |
| **VS.** | **SECTION P** |
| **BOB RILEY, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Before the court is Sherman James Nickerson's *pro se* "Motion for Corrective Order to Warrant Process and Service of the Declaratory Judgment Action" filed on March 5, 2008. Nickerson is an inmate in the custody of the Alabama Department of Corrections; he is presently incarcerated at the Easterling Correctional Center, Clio, Alabama. This and other outstanding motions[1] filed by Nickerson have been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that all outstanding motions be denied and that this matter be **DISMISSED** and **STRICKEN** pursuant to the provisions of F.R.C.P. Rule 41 and LR3.2W.

*Statement of the Case*

On January 2, 2008, Nickerson filed a hand-written, *pro se* "Motion for Leave to Proceed *in forma pauperis* and for Appointment of Counsel." Attached to the motion was an affidavit that alleged in part, "I believe I am entitled and intend to bring this action in the United Stats

---

[1] Also pending are Nickerson's Motion for Appointment of Counsel and Motion to Proceed In Forma Pauperis. See docs. 1 and 5.

District Court for the Western District of Louisiana against the above-named Respondents.[2] The action seeks to enjoin those Respondents from their wrongful acts that transported the petitioner and other inmates from the Alabama prison to a private prison named 'J.B. Evans Correctional Center' in the State of Louisiana giving rise to this Declaratory Judgment and further relief for deprivation of Petitioner's civil rights..." [doc. 1] **NO OTHER PLEADINGS WERE ATTACHED TO THE MOTION**.

On January 9, 2008, United States Magistrate Judge Mildred E. Methvin issued an order noting various deficiencies in the pleadings and directing Nickerson to cure those deficiencies within 30 days. [doc. 2][3]

On February 1, 2008 Nickerson filed a *pro se* "Motion for Extension of Time to Comply with Memo Order." [doc. 3] His motion was granted and he was given until March 3, 2008 to comply with Judge Methvin's Memorandum Order. [doc. 4]

On March 5, 2008 Nickerson filed an application to proceed *in forma pauperis* on the forms approved by this court. [doc. 5] He also submitted the instant "Motion for Corrective Order to Warrant Process and Service of the Declaratory Judgment Action." Nickerson moves the court to set aside the Memorandum Order of January 2, 2008 and serve his "Declaratory Judgment Action" in accordance with F.R.C.P. Rule 57.[4]

---

[2] Named as "Respondents" in the caption of the pleading were "Governor Bob Riley, et al., Governor Kathleen Blanco, Commissioner Richard Allen, Warden Richard DeVille..." [doc. 1, p. 1]

[3] Magistrate Judge Methvin noted that the complaint was not submitted on the forms approved for *pro se* prisoner filings in this district and that Nickerson failed to submit a $350 filing fee or a completed application to proceed *in forma pauperis*.

[4] Nickerson also objected to the memorandum order insofar as it construed his original pleading to be a civil rights complaint filed pursuant to 42 U.S.C. §1983. According to Nickerson, his "Declaratory Judgment action can be maintained under Rule 57 and the District Court is bound to treat it as such with process service under Rule 3,

*Law and Analysis*

Local Rule 3.2W of the United States District Court for the Western District of Louisiana provides:

> Every complaint filed by a prisoner who is not represented by an attorney (i.e. who is proceeding 'pro se') complaining of violation of their constitutional rights (including state prisoners and federal prisoners) or seeking a writ of habeas corpus under 28 U.S.C. §2241 and 28 U.S.C. §2254 shall be typed or legibly written on forms supplied by the Court and signed by the prisoner. The prisoner shall follow the instructions provided with the forms and complete the forms using only one side of the page. After completely filling out the Court-approved form, the prisoner may attach additional pages containing additional information. In cases asserting constitutional claims, however, no more than five typewritten or ten legible handwritten pages may be attached to the form. The pages shall be written or typed on one side of the page only and shall contain numbered paragraphs which correspond to the numbered paragraphs on the form . Complaints that do not comply with this Rule and which are not corrected after notice may be stricken by the court. (Emphasis Supplied)

Mr. Nickerson has failed to comply with Local Rule 3.2W and has not corrected his pleadings after notice by the court. In fact, Nickerson has filed **NO SUBSTANTIVE PETITION OR COMPLAINT** with the court. As noted above, his original pleading filed on January 2, 2008 included no complaint or petition and merely alluded to the existence of a suit for declaratory judgment which has not been filed.

---

Rule 4(c)(2) and Rule 5(e) of the Federal Rules of Civil Procedure." [doc. 6, pp. 1-8] He also argued, "The more difficult question is how best to characterize Nickerson's action. Plaintiff conclude [sic] his suit is most aptly characterized as one for declaratory judgment; that is, for a declaration of his rights with respect to his unlawful incarceration in the State of Louisiana in J.B. Evans private correctional center that violated the federal interstate agreement compact clause of the United States Constitution, Art. I, §10, Cl. 3, which prohibited the Alabama State officials and the Louisiana State officials from contracting with a private prison within Louisiana to incarcerate Alabama inmates, with any additional relief based on the court's decree." [doc. 6, p. 9] Elsewhere he alleged, "... on October 6, 2007 the plaintiff and 149 other inmates were transferred from the custody of the Alabama Dept. of Corrections to the custody of J.B. Evans Correctional Center, a private prison, in the State of Louisiana that was done in violation of both state and federal laws and there was no warrants or detainers lodged against the plaintiff custody. The State of Alabama lost custody and jurisdiction of the plaintiff in that unlawful exchange of his custody and in fact ... his sentence of life plus five years because the law does not require plaintiff to serve a prison term on installments." [doc. 6, p. 12]

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Nickerson has filed neither a complaint nor petition; he has been directed to amend his pleadings to comply with the rules of this court, but, he has chosen to disregard the orders of court and has failed to amend within the time permitted.[5]

Therefore,

**IT IS RECOMMENDED** that Nickerson's Motion for Corrective Order To Warrant Process and Service of the Declaratory Judgment Action [doc. 6], his Motion to Appoint Counsel

---

[5] Nickerson has provided the contours of his proposed complaint seeking declaratory judgment. He implies that the transfer of Alabama prisoners to a private prison in Louisiana violated the Constitution and laws of the United States and the States of Alabama and Louisiana. [doc. 6, pp. 9-12] The United States Supreme Court rejected a similar argument in *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 1745-1746, 75 L.Ed.2d 813 (1983). There, the Court upheld the constitutionality of a state prisoner's transfer from Hawaii to California and noted, "Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State. Often, confinement in the inmate's home State will not be possible. A person convicted of a federal crime in a State without a federal correctional facility usually will serve his sentence in another State. Overcrowding and the need to separate particular prisoners may necessitate interstate transfers." *Olim v. Wakinekona*, 461 U.S. at 245-246, 103 S.Ct. at 1745-1746. Nor did Nickerson's transfer from a state prison to a private prison alter the analysis. Compare *Montez v. McKinna*, 208 F.3d 862 (10th Cir. 2000). In short, Nickerson has no constitutional right to be incarcerated in any particular prison and his transfer to the J.B. Evans Corrections Center in Louisiana cannot serve as the basis for a civil rights claim, *habeas corpus* relief, a declaratory judgment, or injunctive relief. See *White v. Lambert*, 370 F.3d 1002 (9th Cir. 2004). Further, to the extent that Nickerson claims that his transfer violated Alabama or Louisiana law, such claims are not cognizable in a federal court. Finally, these same issues have been raised by other Alabama inmates incarcerated in the Western District of Louisiana. In each such instance, this court has concluded that those claims are without a basis in law and dismissal has been ordered. See *Calhoun v. Copes*, No. 6:07-cv-1000, 2007 WL 2407245; *Mathis v. Riley*, No. 6:06-cv-0803, 2006 WL 2356030; *Byrd, et al. v. LCS Corrections Services, Inc.* No. 6:06-0538, 2006 WL 1985005. In short, should Nickerson be permitted to amend his pleadings to comply with the previous orders of the court, the likelihood remains that his pleading will be dismissed for failing to state a claim for which relief might be granted.

[doc. 1], and his Motion to Proceed *In Forma Pauperis* [docs. 1 and 5] be **DENIED;** and,

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED AND STRICKEN** in accordance with the provisions of FRCP Rule 41(b) and LR 3.2W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, May 20, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE